IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOU TYLER,<br>　　Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC and<br>DEUTSCHE BANK,<br>　　Defendants. | No. 3:16-CV-1698-L-BF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this civil action, arising out of foreclosure proceedings initiated against certain real property located in Dallas County, Texas, to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. 636(b) and an order of the Court. *See* Special Order 3. The findings, conclusions, and recommendation of the undersigned follows.

### RES JUDICATA

In June 2016, Plaintiff Lou Tyler ("Ms. Tyler"), proceeding *pro se*, filed a petition in state court against Defendants Ocwen Loan Servicing and Deutsche Bank (collectively, "Defendants") alleging harassment, false or misleading representations, unfair practices, illegal attempt to foreclose, deceptive practices, violations of the Real Estate Settlement Procedures Act, and violations of recommendations made by courts, agencies, and legal institutions. Compl. [D.E. 3 at 5]. These allegations are nearly identical to the allegations she made against Defendants in a previous suit. *See Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:15-cv-01117-N-BK (N.D. Tex. 2015).

In this case, Ms. Tyler's claims against Defendants are barred by the doctrine of res judicata. Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was

a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id.* at 560 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis original).

The parties in the case at hand are identical to the parties in the previous suit. *See Nilsen*, 701 F.2d at 559. In the previous case, Ms. Tyler was the plaintiff, and the defendants were Ocwen Loan Servicing and Deutsche Bank. *See Tyler*, 3:15-cv-01117-N-BK. The Court was of competent jurisdiction when it rendered its previous judgment on Ms. Tyler's allegations. *See id.* Further, the final judgment entered in the previous case was based on its merits. *See id.* Finally, all the causes of action brought by Ms. Tyler are the same as, or could have been brought, in the previous action. *See id.* Because all of the necessary elements are present, the principle of res judicata applies to this suit. *See Nilsen*, 701 F.2d at 559-561.

## RECOMMENDATION

The undersigned recommends that this case be dismissed with prejudice, because the allegations brought by Plaintiff Lou Tyler are barred by res judicata.

SO RECOMMENDED this 19 day of July 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).