IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LOU TYLER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1698-L** |
| | § | |
| **OCWEN LOAN SERVICING, LLC** | § | |
| **and DEUTSHE BANK**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Motion for Reconsideration (Doc. 12), filed by pro se Plaintiff Lou Tyler ("Plaintiff") on August 23, 2016; and Plaintiff's Motion to Produce the Note (Doc. 13), filed August 23, 2016. After carefully reviewing the motion, record, and applicable law, the court **denies** Plaintiff's Motion for Reconsideration (Doc. 12); and **denies as moot** Plaintiff's Motion to Produce the Note (Doc. 13).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Internaltional Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Such motions are analyzed under Rule 59(e) or Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when a motion for reconsideration is filed within 28 days of the challenged judgment. Fed. R. Civ. P. 59(e); *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010). Plaintiff filed her Motion for Reconsideration seven days after the judgment was entered in this case on July 19, 2016. Rule 59(e), therefore, applies.

**Memorandum Opinion and Order – Page 1**

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff's Motion for Reconsideration challenges the dismissal of her claims and this action under the doctrine of res judicata. Plaintiff contends that in dismissing her case without allowing her to present evidence in support of her claims, she was denied her constitutional right to a "day in court." Pl.'s Mot. 1. Plaintiff, therefore, requests that the court reconsider the merits of her claims.

**Memorandum Opinion and Order – Page 2**

Plaintiff's Motion for Reconsideration also includes a number of general assertions regarding "Ocwen." *Id.* at 2.

Plaintiff's conclusory assertions regarding other mortgage cases and settlements involving "Ocwen" have no relevance to this case. Moreover, the res judicata issue raised by Plaintiff was addressed in the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") entered in this case by Magistrate Judge Paul D. Stickney on July 19, 2016. In that Report, the magistrate judge recommended that Plaintiff's claims against Defendants be dismissed with prejudice as barred by res judicata. Plaintiff could have, but did not file any objections to the Report within the time allowed. On August 16, 2016, the court determined that the magistrate judge's findings and conclusions were correct, and accepted them as those of the court. Further, Plaintiff's Motion for Reconsideration does not establish either a manifest error of law or fact or present newly discovered evidence, and instead merely seeks to relitigate matters that could have been raised before entry of judgment in this case. The court, therefore, concludes that Plaintiff is not entitled to relief under Rule 59 and **denies** her Motion for Reconsideration (Doc. 12). The court's denial of Plaintiff's Motion for Reconsideration moots her Motion to Produce the Note (Doc. 13), which the court **denies as moot.**

Considering the record in this case, the court **certifies** that the appeal of this action is not taken in good faith and **withdraws** Plaintiff's *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report and the court's order accepting the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the foregoing orders, the court concludes that the appeal of this

**Memorandum Opinion and Order – Page 3**

action presents no legal point of arguable merit and is, therefore, frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

**It is so ordered** this 26th day of August, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge